UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

### ORDER RE: MOTION TO DISMISS

**I.**
**INTRODUCTION**

In this action, Plaintiff Marva Mitchell seeks to challenge the loan origination and securitization practices of Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), HSBC Bank USA, N.A. ("HSBC"), and Cal-Western Reconveyance Corporation ("Cal-Western") (collectively "Defendants"). Plaintiff, in eight state and two federal causes of action, contends that Defendants hold no interest in her residence, may not foreclose on the property, and have caused her damages through their lending and securitization practices.

Wells Fargo now moves to dismiss the claims asserted against it in Plaintiff's First Amended Complaint ("FAC") on the bases that Plaintiff's state law claims are preempted by the Home Owner's Loan Act ("HOLA"), 12 U.S.C. §§ 1461 et seq., and all of Plaintiff's claims are inadequately pleaded. (Docket No. 14, [Mot. to Dismiss ("Mem.")].) For the reasons set forth in detail below, the Court finds that, of the nine claims asserted against Wells Fargo, seven are preempted and the remaining two are inadequately pleaded.

Accordingly, the Court **GRANTS** Wells Fargo's motion and **DISMISSES** Plaintiff's claims asserted against it. Additionally, as explained below, the Court also **DISMISSES** certain of Plaintiff's claims asserted against HSBC and Cal-Western. The Court will permit Plaintiff to file an amended pleading.

LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

**II.
BACKGROUND**

    This factual background is based on the allegations contained in the operative complaint and judicially noticeable documents that clarify the respective roles of the banks that have been associated with this transaction.

    The loan at issue was originated on August 2, 2007 in the amount of $421,250.00 by World Savings Bank, FSB ("World Savings"), which, effective on December 31, 2007, became Wachovia Mortgage, FSB ("Wachovia"). (Docket No. 10, [First Am. Compl. ("FAC")] ¶¶ 60-61; Docket No. 15, [Request for Judicial Notice ("RJN")], Exs. A, B [Deed of Trust ("DOT")].)[1] On November 1, 2009, Wachovia became Wells Fargo Bank Southwest, N.A., which on the same day was merged into Wells Fargo Bank, N.A. (RJN, Ex. A.)[2]

    Plaintiff's FAC stems from the origination and securitization of her loan. Plaintiff alleges that her income was inflated on her loan application by the loan officer so that she would be approved for a loan she could not afford. (FAC ¶¶ 64-66.) Plaintiff further alleges that her loan was securitized and transferred to Wells Fargo Mortgage Backed Securities 2007-17 Trust. (Id. ¶¶ 70-72.) Plaintiff believes that HSBC is the trustee of this particular trust. (Id. ¶ 72.) Plaintiff asserts that Wells Fargo is the creditor regarding her loan, though she claims not to know who owns her loan. (Id. ¶¶ 83-84.) Plaintiff further alleges that upon securitization, her promissory note and DOT were separated, the former becoming trust property and the latter having been assigned without recordation. (Id. ¶¶ 77-79.)

---

    [1] The Court takes judicial notice of the documents submitted by Wells Fargo. The Court takes judicial notice of certain of the documents in RJN, Ex. A pursuant to Federal Rule of Evidence 201(b)(2), as it can be readily determined that these documents are from the Office of Thrift Supervision (Exs. A.1, A.2) and the Comptroller of the Currency (Ex. A.5), and their accuracy cannot reasonably be questioned. These documents establish the history of World Savings. See Hague v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 65197, at *2-3 n.2 (N.D. Cal. June 20, 2011). The Court also takes judicial notice of the deed of trust, (RJN, Ex. B [Deed of Trust]), the notice of default, (RJN, Ex. C), the charter of Wachovia Mortgage, FSB (RJN, Ex. A.3 [Charter]), and the docket sheets of the United States Bankruptcy Court stemming from Plaintiff's bankruptcy (RJN, Exs. C, D) because they are matters of public record. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) ("[U]nder Fed. R. Evid. 201, a court may take judicial notice of 'matters of public record'").

    [2] Plaintiff asserts that Wachovia acquired World Savings in 2006 and Wells Fargo acquired Wachovia in 2008. (FAC ¶¶ 68-69.) The judicially noticed documents demonstrate that this is not correct, though Plaintiff's mistake in this regard is not outcome determinative.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

On February 29, 2012, Cal-Western caused a Notice of Default ("NOD") to issue because Plaintiff was past due on her payments by almost $17,000. (RJN, Ex. C [NOD].) Shortly thereafter, on March 26, 2012, Plaintiff filed for voluntary Chapter 13 bankruptcy. (RJN, Ex. D.) Subsequently, on June 18, 2012, Plaintiff brought an adversary action in bankruptcy court against Wells Fargo and HSBC. (RJN, Ex. E.) That action was voluntarily dismissed on May 1, 2013. (Id.) On April 30, 2013, Plaintiff filed the instant action in Los Angeles County Superior Court, which was removed to this Court. (Docket No. 1, [Not. of Removal], Ex. A [Compl.].)

Plaintiff brings ten claims: (1) declaratory relief (asserted against all Defendants); (2) fraud (asserted against Wells Fargo); (3) negligent lending (asserted against Wells Fargo); (4) breach of contract (asserted against Wells Fargo); (5) breach of the implied covenant of good faith and fair dealing (asserted against all Defendants); (6) violation of the Truth in Lending Act ("TILA), 15 U.S.C. § 1641(g) (asserted against HSBC); (7) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2607, et seq. (asserted against Wells Fargo); (8) breach of fiduciary duty (asserted against all Defendants); (9) unconscionability (asserted against Wells Fargo); (10) violation of Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL") (asserted against all Defendants).

**III.
DISCUSSION**

**A. LEGAL STANDARD FOR F.R.C.P. 12(B)(6) MOTION TO DISMISS**

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint, and construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Rule 12(b)(6) may be based on either (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. SmileCare Dental Grp. v. Delta Dental Plan of Cal., Inc., 88 F.3d 780, 783 (9th Cir. 1996) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984)).

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

Case 2:13-cv-03963-GAF-JEM Document 25 Filed 08/13/13 Page 4 of 11 Page ID #:422

LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 679.

A complaint generally need not contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotations omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). That is, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 678-79; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION**

For ease of analysis, Plaintiff's nine claims asserted against Wells Fargo can be broken up into two categories: (1) claims subject to HOLA preemption, and (2) remaining claims. The first category encompasses Plaintiff's state law claims for: declaratory relief, fraud, negligent lending, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the UCL. In the second category, Plaintiff's RESPA claim is plainly inadequately pleaded and barred by the statute of limitations, and Plaintiff's claim for "unconscionability" is not in fact a claim at all. The Court does not address Plaintiff's TILA claim, which is asserted only against HSBC.

1. **HOLA PREEMPTED CLAIMS**

    a. *HOLA Preemption*

HOLA, as the Ninth Circuit describes it, was enacted in 1933 "to charter savings associations under federal law, at a time when record numbers of home loans were in default and a staggering number of state-chartered savings associations were insolvent." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). HOLA and its regulations are "so pervasive as to leave no room for state regulatory control." Id. (internal quotations and citation omitted). "Through HOLA, Congress gave the Office of Thrift Supervision ('OTS') broad authority to

Case 2:13-cv-03963-GAF-JEM Document 25 Filed 08/13/13 Page 5 of 11 Page ID #:423

LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

issue regulations governing thrifts," and OTS subsequently "promulgated a preemption regulation in 12 C.F.R. § 560.2." Id. at 1005. The regulations state in pertinent part:

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section or § 560.110 of this part.

12 C.F.R. § 560.2(a).

Subsection (b) of Section 560.2 provides an illustrative list of the types of state laws that are preempted, which include: "state laws purporting to impose requirements regarding: . . . (4) The terms of credit, including amortization of loans and deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan;" "(9) Disclosure and advertising" concerning credit-related documents; and "(10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . . ." Id. § 560.2(b). OTS has provided instruction on how to address the preemption question:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996); see also Silvas, 514 F.3d at 1005. HOLA preemption can apply to both a state law directly regulating mortgage lending and "[a] state law of general applicability - that is, one which does not purport to directly regulate the conduct of mortgage lenders - . . . if, 'as applied,' it is a type of state law that falls within § 560.2." Munoz v. Fin. Freedom Senior Funding Corp., 573 F. Supp. 2d 1275, 1280 (C.D. Cal. 2008); see also Rivera v. Wachovia Bank, 2009 U.S. Dist. LEXIS 68391, at *6 (S.D. Cal. Aug. 4, 2009) ("Even state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact thrifts in areas listed in § 560.2(b).") (citing

Case 2:13-cv-03963-GAF-JEM   Document 25   Filed 08/13/13   Page 6 of 11   Page ID #:424

LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

Silvas, 514 F.3d at 1006).

      *b. HOLA Applied*

         i. HOLA Applied to Wells Fargo

     As a threshold matter, the Court considers the application of HOLA to the present transaction. "[A]lthough Wells Fargo itself is not subject to HOLA and OTS regulations, this action is nonetheless governed by HOLA because Plaintiff's loan originated with a federal savings bank and was therefore subject to the requirements set forth in HOLA and OTS regulations." Appling v. Wachovia Mortg., FSB, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010); Gorton v. Wells Fargo Bank NA, 2012 U.S. Dist. LEXIS 168158, at *12 (C.D. Cal. Nov. 27, 2012) ("HOLA preemption continues to apply to loans originated by a federal savings bank even after those banks are merged into national banking associations."); see also DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010). The loan at issue was originated by World Savings, a federal savings bank, and therefore HOLA applies.

     Here, Plaintiff's claims relate solely to issues surrounding the origination and terms of her loan, the subsequent securitization, and the initiation of the foreclosure process. These claims, as will be addressed in more detail below, are preempted by HOLA through 12 C.F.R. § 560.2(b)(4), (9), and (10).

         ii. **Plaintiff's Claims for: Declaratory Judgment, Fraud, Negligent Lending, Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, and Violation of the UCL**

     Plaintiff's claims for declaratory relief, fraud, negligent lending, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the UCL all arise from Plaintiff's claim that she was induced to borrow more than she could afford and that her application was supported by altered loan documents that inflated her income. Once the loan was made, according to Plaintiff, the mortgage was improperly securitized, resulting in a splitting of the note and DOT thus nullifying Defendants' interests in the Property. She seeks a declaration that: (1) the note and the DOT have been separated, and thus Defendants have no interest in the Property; and (2) Plaintiff's loan agreement should be declared void because the loan was structured such that default would be inevitable and Defendants engaged in improper acts regarding origination and foreclosure. (Id. ¶¶ 102-105,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

109-114.) Plaintiff's fraud, negligent lending, and breach of fiduciary duty claims rest on the basis that she was put into a loan she could not afford, with an inflated income. (Id. ¶¶ 118-127, 130, 173-175.) Plaintiff's breach of contract claim is based on allegations that Plaintiff's loan was securitized, thus separating the note from the DOT, which resulted in a violation of Wells Fargo's alleged contractual duties under the note and DOT. (Id. ¶¶ 133-137.) Plaintiff's breach of the implied covenant of good faith and fair dealing claim is premised on the allegations that Defendants breached the implied covenant by attempting to exercise the power of sale though they have no interest, failing to make numerous disclosures regarding the loan, and placing Plaintiff in a loan she was not qualified for. (Id. ¶¶ 144-147.) And finally, Plaintiff's UCL claim stems from the allegations that Wells Fargo made untrue or misleading statements regarding Plaintiff's loan such that she ended up in a loan she could not afford, with false, deceptive, and undisclosed terms. (Id. ¶¶ 188, 190, 192-194.)

Each of these claims is preempted by HOLA, 12 C.F.R. § 560.2(b)(4), (9), and (10). Plaintiff's declaratory relief, fraud, negligent lending, breach of fiduciary duty, and UCL claims all plainly implicate issues surrounding the terms, disclosure of certain terms, and origination of the loan. Courts have not hesitated to find that claims relating to the terms of credit and origination of the loan are clearly preempted. See Leisher v. Wachovia Mortg., Inc., 2011 U.S. Dist. LEXIS 3037, at *14-15 (S.D. Cal. Jan. 12, 2011) (finding "claims . . . based upon Defendants' disclosures and the provision of credit-related documents at the time of" the loan preempted by Section 560.2(b)(9), (10)); Esoimeme v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 98492, at *26 (E.D. Cal. Sept. 1, 2011) (finding claims "based on defendants' conduct related to the origination of plaintiff's underlying loan, as well as certain disclosures and terms of credit related thereto . . . preempted by 12 C.F.R. § 560.2(b)(4), (b)(9), and (b)(10)."); Remo v. Wachovia Mortg., 2011 U.S. Dist. LEXIS 86607, at *14 (N.D. Cal. Aug. 5, 2011) (finding claims relating to false promises, misrepresentations, and omissions likely preempted by Section 560.2(b)(9), and certainly preempted by Section 560.2(b)(10)); Kelley v. Mortgage Elec. Registration Sys., 642 F. Supp. 2d 1048, 1054 (N.D. Cal. 2009) ("[S]tate law claims that are based on deficient disclosures on plaintiffs' loan documents and the structure of plaintiffs' loan are preempted by HOLA."); Cosio v. Simental, 2009 U.S. Dist. LEXIS 8385, at *14 (C.D. Cal. Jan. 27, 2009) (finding preempted claims based on "conduct that touches upon a defendant's lending practices, operations, and charges . . . .").

Additionally, Plaintiff's declaratory relief, breach of contract, and breach of the implied covenant of good faith and fair dealing claims likewise implicate issues surrounding the securitization of the loan and Wells Fargo's standing to foreclose. Courts routinely conclude that HOLA preempts claims premised on improper securitization and lack of standing to foreclose. See Morrison v. Wachovia Mortg. Corp., 2012 U.S. Dist. LEXIS 38847, at *19 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

Cal. Jan. 9, 2012) ("Allegations regarding unlawful foreclosure proceedings . . . fall within the preemptive scope of the HOLA."); Sanchez v. Wachovia Mortgage, FSB, 2011 U.S. Dist. LEXIS 2444, at *19 (S.D. Cal. Jan. 10, 2011) (finding preempted claims that "attack the initiation of the state foreclosure process."); Hague v. Wells Fargo Bank, N.A., 2012 U.S. Dist. LEXIS 41013, at *11 (N.D. Cal. Mar. 26, 2012) ("The wrongful foreclosure action is based on allegations regarding note ownership, securitization, and substitution of trustee, all defects in the foreclosure procedure used by Defendant and therefore within the ambit of HOLA preemption."); Christiansen v. Wells Fargo Bank, 2012 U.S. Dist. LEXIS 142070, at *13 (N.D. Cal. Oct. 1, 2012) ("Numerous courts have held that [Section 560.2(b)(10)] preempts challenges to foreclosures based upon securitization allegations.")

      Plaintiff's sole argument against HOLA preemption of the aforementioned claims is that OTS regulation 12 C.F.R. § 560.2(c) saves from preemption laws relating to: "(1) Contract and commercial law; (2) Real property law; . . . [and] (4) Tort law," among others, to the extent "that they only incidentally affect the lending operations of Federal savings associations . . . ." 12 C.F.R. § 560.2(c).  (Docket No. 19, [Opp. to Mot. to Dismiss ("Opp.")] at 6-7.)[3]  But, as noted, even state laws of general applicability found in Section 560.2(c) can be preempted if their application would impact areas listed under Section 560.2(b).  See Silvas, 514 F.3d at 1006-07; Morrison, 2012 U.S. Dist. LEXIS 38847 at *18.  Simply put, there is no authority for Plaintiff's position.

      Accordingly, the Court finds that Plaintiff's claims for declaratory relief, fraud, negligent lending, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violation of the UCL are preempted by HOLA and are **DISMISSED with prejudice**.

/ / /

---

      [3] Plaintiff in actuality cites 12 C.F.R. § 34.4(b), which is the closely analogous regulation enacted by the Office of the Comptroller of the Currency, and applies to loans originated by National Banking Associations.  The Court quotes 12 C.F.R. § 560.2(c) because, as established above, the regulations promulgated under HOLA by the OTS apply to this loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

**2. RESPA**

Plaintiff asserts that Wells Fargo violated RESPA insofar as it charged fees "in excess of the reasonable value of goods provided and/or services rendered," including, but "not limited to the closing costs of the loan." (FAC ¶ 167.) Additionally, Plaintiff asserts that Wells Fargo "did give, provide or receive a hidden fee or thing of value for the referral of settlement business, including, but not limited to, kickbacks, hidden referral fees, and/or Yield Spread Premiums." (Id. ¶ 168.) Wells Fargo moves to dismiss this claim on the basis that the claim is inadequately pleaded and is barred by the statute of limitations. (Mem. at 20.)

Wells Fargo is correct on both grounds. First, "Plaintiff . . . fails to identify[] what fees were charged or paid, in what amounts or to whom they were paid." (Mem. at 20.) Plaintiff's claim fails to do any more than make the aforementioned purely conclusory allegations, essentially parroting 12 U.S.C. § 2607(a). Moreover, RESPA does not regulate "excessive fees" in and of themselves, apart from "the practice of giving or accepting money where no service whatsoever is performed in exchange for that money." Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 553-54 (9th Cir. 2010). Plaintiff plainly fails to pass the Iqbal-Twombly plausibility standard.

Additionally, claims under RESPA stemming from "kickbacks" are covered by 12 U.S.C. § 2607(a), which has a one-year statute of limitations. 12 U.S.C. § 2614. Plaintiff's loan originated in August 2007, but Plaintiff did not file suit until 2013. In both her FAC and her opposition, Plaintiff asserts simply that "Plaintiff did not know of these actions until a [July 2012] forensic audit was performed on her loan file and it determined that RESPA violations as outlined above had occurred." (FAC ¶ 171; Opp. at 15.) However, in order to benefit from equitable tolling, "the plaintiff must allege specific facts explaining the failure to learn the basis for the claim within the statutory period rather than relying on generalities." Abels v. Bank of Am., N.A., 2012 U.S. Dist. LEXIS 28125, at *8 (N.D. Cal. Mar. 2, 2012); see also Pedersen v. Greenpoint Mortgate Funding, Inc., 900 F. Supp. 2d 1071, 1079 (E.D. Cal. 2012); Yee v. JPMorgan Chase Bank, 2010 U.S. Dist. LEXIS 6423 (C.D. Cal. Jan. 4, 2010). Plaintiff here relies on the mere generality that Plaintiff was unaware of the basis for her RESPA claim prior to the "forensic audit" because "she had no reason to knowledge [sic] of the type of violations that could occur." (FAC ¶ 171; Opp. at 15.) It is unclear from that assertion whether Plaintiff was truly unaware of the basis for her RESPA claim or if she simply did not know what RESPA was. In any event, her allegation is insufficient to warrant equitable tolling.

Accordingly, Plaintiff's RESPA claim is **DISMISSED with prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

### 3. UNCONSCIONABILITY

"Unconscionability" is a potential defense to enforcement of a contract but is not an independent cause of action. McKinnon v. Dollar Thrifty Auto. Group, 2013 U.S. Dist. LEXIS 29095, at *25 (N.D. Cal. Mar. 4, 2013); see also Sowinski v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 26330, at *15 (N.D. Cal. Feb. 26, 2013) ("[U]nconscionability is an affirmative defense, not a cause of action."); De Ferguson v. Wachovia Mortgage, FSB, 2012 U.S. Dist. LEXIS 79501, at *16 (C.D. Cal. June 4, 2012) ("It is well-established under California law that unconscionability is an affirmative defense, not a claim.")

Accordingly, Plaintiff's claim for unconscionability is **DISMISSED with prejudice**.

### 4. HSBC & CAL-WESTERN

Wells Fargo is the only party filing the instant motion. As of the date of this Order, HSBC has not yet been served. Additionally, on July 16, 2013, the Court stayed this action as to EC Closing Corp., formerly known as Cal-Western Reconveyance Corporation, due to its pending bankruptcy. (Docket No. 18, [07/16/13 Order].) However, to the extent the aforementioned claims are asserted against HSBC and Cal-Western, Plaintiff's claims also necessarily fail as to those Defendants as well. See Silverton v. Department of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); see also McGowan v. World Sav., Inc., 2012 U.S. Dist. LEXIS 175502, at *10-11 (E.D. Cal. Dec. 10, 2012); Boggs v. Wells Fargo Bank NA, 2011 U.S. Dist. LEXIS 122801, at *6 n.2 (N.D. Cal. Oct. 20, 2011); Kennedy v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 84586, at *23 (N.D. Cal. Aug. 2, 2011).

/ / /

/ / /

LINK: 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-03963 GAF (JEMx) | Date | August 13, 2013 |
|---|---|---|---|
| Title | Marva Mitchell v. Wells Fargo Bank NA et al | | |

# IV.
# CONCLUSION

For the foregoing reasons, the Court **GRANTS** Wells Fargo's motion to dismiss.[4] All claims, with the exception of Plaintiff's TILA claim, are **DISMISSED with prejudice**. The hearing presently scheduled for Monday, August 19, 2013 is hereby **VACATED**. While the Court has serious doubt that Plaintiff can plead a claim that avoids the preemptive effect of HOLA, the Court will permit Plaintiff **one opportunity amend her pleading**. Plaintiff may file an amended complaint no later than the close of business on Tuesday, September 3, 2013.

**IT IS SO ORDERED.**

---

[4] Wells Fargo raises for the first time in its reply brief the argument that Plaintiff lacks standing to pursue this action because she was in bankruptcy at the time the action was filed. (Docket No. 24, [Reply to Mot. to Dismiss ("Reply")] at 2.) Wells Fargo asserts that the bankruptcy trustee would be the real party in interest. (Id.) The argument, made in the reply brief, is too late, Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007), and contrary to law. Plaintiff, a Chapter 13 debtor, "possesses standing - concurrent with that of the trustee - to maintain a non-bankruptcy cause of action on behalf of the estate." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 343 (4th Cir. 2013); see also Edwards v. Wells Fargo Bank, N.A., 2013 U.S. Dist. LEXIS 96517, at *28-30 (C.D. Cal. June 13, 2013).